# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-579V
Filed: March 6, 2026

```
* * * * * * * * * * * * *   *   *
GINGER K. WILLIFORD,                *
                                    *
            Petitioner,             *
v.                                  *
                                    *
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
            Respondent.             *
                                    *
* * * * * * * * * * * * *   *   *
```

*William E. Cochran, Jr., Esq.,* Black McLaren, et al., PC, Memphis, TN, for petitioner.
*Rachelle Bishop, Esq.,* US Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On April 17, 2019, Ginger K. Williford ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that she developed a SIRVA after receiving an influenza vaccine on December 28, 2017. Petition, ECF No. 1. A decision adopting the parties' joint stipulation issued on September 2, 2025. ECF No. 76.

On December 17, 2025, petitioner filed the instant motion for attorneys' fees and costs requesting $500.00 for her personal costs and, on behalf of counsel, a total of $118,895.05, representing $113,199.40 in attorneys' fees and $5,695.65 in costs. Motion for Fees, ECF No. 81.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Respondent filed his response on December 30, 2025, advising he was satisfied the statutory requirements for an award of fees and costs are met. Response, ECF No. 82. Petitioner did not file a reply.

After consideration, petitioner's motion is **GRANTED**.

## I.    Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II.    Discussion

### A.  Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests the following hourly rates on behalf of the attorneys and staff who worked on this case:

| Name | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|---|---|---|
| MGM | - | $464 | $484 | $484 | - | - | - | - |
| WEC | $377 | $391 | $405 | $420 | $435 | $450 | $478 | $519 |
| CJW | - | $338 | $351 | $364 | $395 | $410 | $435 | $472 |
| Paralegals | - | $155 | $160 | $161 | $167 | $172 | $183 | $199 |
| Law Clerks | $153 | $156 | - | - | - | - | - | - |

These rates are consistent with what the attorneys and paralegals at the firm have previously been awarded and with the rates provided in the Fee Schedule. *See, e.g.*, *Cravotta v. Sec'y of Health & Human Servs.*, No. 23-2051V, 2025 WL 2452159 (Fed. Cl. Spec. Mstr. July 24, 2025); *Sims on behalf of A.E.S. v. Sec'y of Health & Human Servs.*, No. 15-1526V, 2023 WL 2234265 (Fed. Cl. Spec. Mstr. Feb. 27, 2023); *Gregory v. Sec'y of Health & Human Servs.*, No. 21-1857V, 2025 WL 1588104 (Fed. Cl. Spec. Mstr. Apr. 23, 2025). Thus, the requested rates are reasonable.

## B.  Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-

---

[3] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at OSM Attorneys' Forum Hourly Rate Fee Schedules | Court of Federal Claims | United States. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of the billing records, the entries adequately describe the work performed, and the time billed corresponds with that work. Counsel appropriately billed half the hourly rate for time spent traveling. No entries appear objectionable, nor did respondent raise any objection. Thus, the fees requested are awarded in full.

### C.  Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $5,695.65 in costs on behalf of counsel. Motion for Fees, Exhibit 2 at 34-78. This amount includes costs associated with acquiring medical records, the filing fee, the hearing transcript, travel expenses, and postage. *Id*. These costs are routinely awarded in vaccine cases and are supported by the receipts filed.

Petitioner also requests $500.00 in personal costs for a report from Dr. Randal Troop, her treating orthopedic surgeon, to address the issues raised in respondent's Rule 4(c) Report. Motion for Fees, Exhibit 3. Dr. Troop provided a one-page report, detailing his opinion that the flu vaccine caused petitioner's injury. Pet. Ex. 33. An hourly rate of $500.00 is comparable to what experts are routinely awarded in the Program. Thus, costs associated with Dr. Troop are awarded in full.

Petitioner is awarded $5,695.65 in costs incurred by counsel and $500.00 in costs incurred by petitioner.

### III.    Conclusion

Based on the foregoing, petitioner's Motion for Attorneys' Fees and Costs is **GRANTED**. Petitioner is hereby awarded a **total of $119,395.05**, representing $113,199.40 in attorneys' fees, $5,695.65 in costs incurred by counsel, and $500.00 in costs incurred by petitioner, **to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

**s/Mindy Michaels Roth**
Mindy Michaels Roth
Special Master